UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT,<br><br>   Plaintiff,<br><br>v.<br><br>DANIEL A. LAWTON d/b/a THE LAWTON LAW FIRM,<br><br>   Defendant. | Case No.: 18-CV-2018-BTM(WVG)<br><br>**AMENDED NOTICE AND ORDER FOR (1) EARLY NEUTRAL EVALUATION CONFERENCE, (2) CASE MANAGEMENT CONFERENCE AND (3) TELEPHONIC STATUS CONFERENCE**<br><br>[Doc. No. 10.] |

For good cause shown, the parties' joint motion (Doc. No. 10) to continue the Early Neutral Evaluation ("ENE") is GRANTED. Accordingly, the Court's September 24, 2018 Order (Doc. No. 9) is VACATED and this Order issues in its place. Additionally, a Case Management Conference ("CMC") will be held as indicated below.

**I.     EARLY NEUTRAL EVALUATION**

IT IS HEREBY ORDERED that an ENE of your case will be held **on December 3, 2018, at 9:00 a.m.**, before United States Magistrate Judge William V. Gallo, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Second Floor, San Diego, California. The

attorneys and parties are to alert chambers of their arrival via the call button in the second floor elevator lobby.

Additionally, **on October 22, 2018, beginning at 9:15 a.m.**, the Court will hold an attorneys-only telephonic status conference with each party separately.[1] The purpose of this confidential, off-the-record teleconference is for the Court's benefit in assessing each party's concerns, challenges, and whether the Court can assist in alleviating these. **On or before October 18, 2018,** each attorney intending to participate shall lodge, via electronic mail addressed to efile_Gallo@casd.uscourts.gov, (1) the name of each attorney who will participate and (2) a telephone number at which each attorney may be reached <u>directly</u> without fail at the time of the conference.

**The following are <u>mandatory</u> guidelines for the parties preparing for the ENE Conference:**

**1. <u>Purpose of Conference</u>**

The purpose of the ENE is to permit an informal discussion between the attorneys, parties and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

**2. <u>Personal Appearance of Parties Required</u>**

All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. See S.D. Cal. Civ. L. R. 16.1(c).

---

[1] The Court will contact the first party and proceed to contact the remaining parties one at a time. Each call may be short or lengthy. Counsel are required to be available for the Court's call beginning at the appointed time and remain available until they are called.

### 3. Full Settlement Authority Required

In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[2] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is <u>not retained outside counsel</u> must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least one week before the conference. Failure to appear at the ENE conference will be grounds for sanctions.

### 4. Settlement Proposal and Response Required

**No later than October 8, 2018**, Plaintiff shall submit to Defendant a written settlement proposal. **No later than October 11, 2018**, Defendant shall submit a response

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

to Plaintiff's settlement proposal. All parties shall be prepared to address in their ENE Statements, and discuss at the ENE conference, the settlement proposal and response.

## 5. ENE Statements Required

In accordance with the Court's Chambers Rules, each party shall exchange its settlement Statement with all opposing parties. Additionally, in accordance with the Court's Chambers Rules, each party shall submit a confidential or non-confidential Statement to the Court. **Both the exchange of Statements between the parties and submissions of Statements to the Court shall occur on or before October 15, 2018**. The Statement each party submits directly to the chambers shall be **five pages or less** and shall outline the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of, and attempts to settle the case. **All Statements must comply with the Court's Chambers Rules.**

The parties shall meet and confer in good faith prior to the ENE Conference, and verify that they have done so in their respective ENE Conference statements, outlining the substance of their discussions and negotiations.

## 6. Case Management Under the Amended Federal Rules

In the event the case does not settle at the ENE Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

a. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A)-(D);

b. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

c. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

d. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

### 7. Time Allotted

The Court generally allots two hours for ENEs. Counsel should be prepared to be succinct and to the point. Requests for additional time must be made in writing in the party's ENE statement, accompanied by a short explanation.

### 8. New Parties Must Be Notified by Plaintiff's Counsel

Plaintiff's counsel shall give notice of the ENE Conference to all parties responding to the Complaint after the date of this Notice.

### 9. Requests to Continue an ENE Conference

Requests to continue ENE conferences are rarely granted. Counsel seeking to reschedule an ENE must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the ENE conference is not an extraordinary circumstance. **Absent extraordinary circumstances, requests for continuances of the ENE conference may not be considered unless submitted in writing no less than seven calendar days prior to the scheduled conference.**

Please refer to the undersigned's Chambers Rules for additional guidance regarding the areas which must be addressed in the request.

The parties shall be prepared to engage in good faith settlement discussions with the Court and opposing parties during the ENE Conference. Failure to engage in good faith settlement discussions may result in the imposition of sanctions.

## II. CASE MANAGEMENT CONFERENCE

Given the delay in convening the ENE Conference, the parties shall also be prepared for a Case Management Conference on **December 3, 2018** at **9:00 a.m.** Accordingly, the Court issues the following orders:

1. The Rule 26(f) conference shall be completed before **October 31, 2018**;
2. The date of initial disclosure pursuant to Rule 26(a)(1)(A)-(D) shall occur before **November 7, 2018**; and

5

18-CV-2018-BTM(WVG)

3. A joint discovery plan shall be lodged with Magistrate Judge Gallo on or before **November 16, 2018**.[3]

Questions regarding this case may be directed to the undersigned's Research Attorney at (619) 557-6384. Please consult the undersigned's Chambers Rules, which are available on the Court's website, before contacting chambers with any questions.

**IT IS SO ORDERED.**

DATED: September 25, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[3] Counsel shall review the undersigned's Chambers Rules for guidance on completing the proposed discovery plan. Counsel are further advised to consult the Chambers Rules of the District Judge assigned to this case for case timeline preferences, if any.